UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:23-CV-00020-FDW

| | |
|---|---|
| NANCY MULLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Claimant Nancy Mullis's Motion for Summary Judgment, (Doc. No. 8), filed July 3, 2023; Defendant Commissioner of Social Security's ("Commissioner") Motion for Summary Judgment, (Doc. No. 10), filed July 27, 2023; and Claimant's Response to Defendant's Motion for Summary Judgment, (Doc. No. 11), filed August 10, 2023. Claimant, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Supplemental Security Income.

The motions are fully briefed and are now ripe for review. Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Claimant's Motion for Summary Judgment is DENIED; the Commissioner's Motion for Summary Judgment is GRANTED; and the Commissioner's decision is AFFIRMED.

## I. BACKGROUND

On June 15, 2020, Claimant filed both a Title II application for a period of disability and disability insurance benefits, (Tr. 18), and a Title XVI application for Supplemental Security Income ("SSI"). (Id.) Both applications alleged disability beginning May 1, 2017. (Id.) After her applications were denied initially and upon reconsideration, Claimant requested a hearing by an

1

Administrative Law Judge ("ALJ"). The ALJ held an initial hearing on December 6, 2021, and a supplemental hearing on April 21, 2022. (Id.) Following the hearings, on July 5, 2022, the ALJ issued an unfavorable decision finding Claimant not disabled under the Social Security Act. (Tr. 18–30.)

During the five-step sequential evaluation process for determining whether an individual is disabled under the Social Security Act, the ALJ found at step one Claimant had not engaged in substantial gainful activity since May 1, 2017. (Tr. 21.) At step two, the ALJ found Claimant to have the following severe impairments: "lumbar degenerative disc disease with radiculopathy, cervical degenerative disc disease with foraminal stenosis and cervical radiculopathy, SI joint dysfunction, status-post anterior cervical discectomy and fusion (ACDF), obesity, hypertension, osteoarthritis, chondromalacia left patella, left shoulder impingement syndrome, and left elbow lateral epicondylitis." (Id.) Assessing step three, the ALJ found Claimant had non-severe impairments including "chronic bronchitis, recurrent upper respiratory infections, pneumonia, sinusitis, uterine prolapse, diverticulosis, and diarrhea." (Tr. 21–22.) The ALJ determined that none of Claimant's impairments, nor any combination thereof, met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 23.) Before proceeding to step four, the ALJ found Claimant

> ha[d] the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant requires the option to sit thirty minutes after standing and/or walking for an hour. The claimant can frequently push, pull, use controls with the bilateral lower extremities and non-dominant, left upper extremity. The claimant can frequently climb ramps and stairs, stoop, kneel, crouch, crawl. The claimant can occasionally climb ladders, ropes and scaffolds and can tolerate occasional exposure to hazards such as unprotected heights and large moving machinery parts. The claimant cannot reach overhead with the non-dominant, left upper extremity but can frequently reach in all other directions with the left upper extremity. The claimant can frequently reach all directions with the dominant, right upper extremity.

(Tr. 24–25.) The ALJ found for step four that Claimant was capable of performing past relevant work as a security guard and small products assembler. (Tr. 28.) Because the ALJ determined Claimant could perform her past relevant work, the ALJ did not perform a step five analysis.

Claimant's subsequent request for review by the Appeals Council was denied, and as a result, the ALJ's decision became the final decision of the Commissioner. (Tr. 1–7.) Claimant has exhausted all administrative remedies and now appeals to this Court pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richard v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). The court must uphold the decision of the Commissioner, even in instances where the reviewing court would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir.

3

2015) (internal quotation marks omitted). We do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," we defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212, 212 (4th Cir. 2017) (per curiam) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.2d 176, 179–80 (4th Cir. 2016).

### III. ANALYSIS

After the ALJ issued her decision denying disability, Claimant submitted a rebuttal vocational expert opinion for the first time to the Appeals Council in the form of a report from Karen R. Starr, M.S., C.R.C., E.D.P.N.A. The Appeals Council refused to exhibit the letter because it "d[id] not show a reasonable probability that it would change the outcome of the decision." (Tr. 2.) Claimant argues the Appeals Council's finding is "contrary to law and not supported by substantial evidence, requiring remand." (Doc. No. 8, p. 5–9.)

At the Appeals Council level, if the claimant submits new and material evidence, the Appeals Council will grant the claimant's request for review if, in addition to meeting several other requirements, there is a reasonable probability that the additional evidence would change the outcome of the decision. 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). Additionally, the "Appeals Council will only consider additional evidence . . . if [the claimant] show[s] good cause for not informing [the SSA] about or submitting the evidence [no later than five business days before the date of the scheduled ALJ hearing]." 20 C.F.R. § 404.970(b). If the Appeals Council denies the claimant's request for review, it need not explain its rationale for doing so. See Meyer v. Astrue, 662 F.3d 700, 705 (4th Cir. 2011).

**A. Good Cause**

Although the Commissioner did not expressly argue Claimant failed to show good cause for the late submission of the VE opinion to the Appeals Council, the Commissioner asserted Claimant did not submit contradictory VE evidence to the ALJ, either pre- or post-hearing, despite having the opportunity to do so. (Doc. No. 10, p. 2.) The Court interprets this as an implicit argument that Claimant failed to make a showing of good cause for the late submission of the VE opinion.

Courts across the country disagree on whether a federal court on judicial review can consider whether good cause for the late-submitted evidence exists when the Appeals Council did not cite lack of good cause as its basis for rejecting the evidence.[1] Here, Claimant made no

---

[1] Compare, e.g., Sewell v. Commissioner, SSA, No. 20-1409, 2021 WL 3871888, at *5 (10th Cir. Aug. 31, 2021) (unpublished) (holding the plaintiff lacked good cause for late submission even though Appeals Council did not cite any reason for not considering new evidence), cert. denied sub nom., Sewell v. Kijakazi, No. 21-795, 2022 WL 199400 (U.S. Jan. 24, 2022), Y.F.L. v. Kijakazi, No. 20CV4892, 2021 WL 5998442, at *3 (N.D. Cal. Dec. 20, 2021) (unpublished) (considering whether the plaintiff had shown good cause for non-compliance with five-day rule despite fact that "Appeals Council did not cite lack of good cause as a reason for declining [the plaintiff]'s additional evidence"), Zimmerman v. Commissioner of Soc. Sec. Admin., No. CV-19-575, 2021 WL 4129448, at *18–19 (D. Ariz. Sept. 10, 2021) (unpublished) (finding good cause lacking notwithstanding Appeals Council's rejection of new evidence as chronologically irrelevant and immaterial), and Howell v. Saul, No. 2:18CV1323, 2019 WL 3416613, at

5

Case 5:23-cv-00020-FDW    Document 12    Filed 03/11/24    Page 5 of 9

arguments directed at establishing good cause in her brief to this Court. (Doc. Nos. 8, 11.) Additionally, the Appeals Council did not expressly waive the good cause requirement in any of its notices to Claimant. (Tr. 2 (advising Claimant she "must show good cause for why [she] missed informing [the SSA] about or submitting [the VE report] earlier").) See Vahey v. Saul, Civ. No. 18-350, 2019 WL 3763436, at *6 n.6 (D. Haw. Aug. 9, 2019) (unpublished) ("As far as the [c]ourt can tell, the Appeals Council did not explicitly waive the good cause requirement as it did for some claimants after the new [version of Section 404.970] went into effect."). Under such circumstances, the Court should follow the reasoning of cases like Sewell, Y.F.L., Zimmerman, and Howell, and assess whether Plaintiff has shown good cause under Section 404.970 for the untimely submission of the VE report.

Although Claimant made no good cause argument to this Court, it is clear from the record the VE report was solicited and compiled after the ALJ hearing. (Tr. 11–12.) However, many courts have rejected the argument that a report not yet existing at the time of the ALJ's decision qualifies as an "unavoidable circumstance" preventing timely submission under Section 404.970(b)(3). See, e.g., Marquez v. Saul, No. 1:20CV110, 2021 WL 2073510, at *5 (D.N.M. May 24, 2021) (unpublished) ("[T]hat [the new] opinions were dated after the ALJ's decision ... on [its] face [does not] present the sort of 'unusual, unexpected, or unavoidable circumstance[s] beyond

---

*11 (D.S.C. July 10, 2019) (unpublished) (deeming good cause wanting notwithstanding Appeals Council's reasonable probability and chronological relevance rationales), recommendation adopted, 2019 WL 3413244 (D.S.C. July 29, 2019) (unpublished), with, e.g., Arndt v. Kijakazi, No. 4:19CV98, 2021 WL 5905646, at *6 (N.D. Ind. Dec. 14, 2021) (unpublished) (noting that "the [Appeals] Council never stated that it was dismissing the evidence for a lack of good cause [and, t]hus, the [c]ourt will not affirm on those grounds"), Dara L. v. Saul, No. 1:19CV104, 2021 WL 1169653, at *4 n.4 (D. Utah Mar. 26, 2021) (unpublished) ("Where the Appeals Council did not reject the evidence for failure to establish good cause for missing the [five-day] deadline, the court does not reach this issue."), Rankin v. Saul, No. 1:19CV1195, 2020 WL 702749, at *22 (D.S.C. Feb. 12, 2020) (unpublished) (refusing to address Commissioner's good cause argument where Appeals Council found evidence "not new and material"), and Emmons v. Saul, Civ. No. 19-102, 2020 WL 376708, at *5 (D.N.M. Jan. 23, 2020) (unpublished) (declining to consider whether the plaintiff had good cause for failing to submit additional evidence earlier, where Appeals Council rejected additional evidence based on lack of chronological relevance).

[the plaintiff's] control' that would warrant waiver of the Commissioner's evidentiary-submission deadlines."); Smith v. Berryhill, No. CV 1:18-337, 2019 WL 1549036, at *21 (D.S.C. Mar. 6, 2019) (unpublished) ("[The p]laintiff may not use the date of the [new evidence], which was [crea]ted after the hearing and days before the ALJ's decision was rendered, to automatically qualify as a good cause exception because it undermines the purpose of the rule."), recommendation adopted, 2019 WL 1533171 (D.S.C. Apr. 9, 2019) (unpublished).

Claimant had ample opportunity to obtain a VE report to support her claim but simply failed to do. Claimant filed her application for DIB on June 15, 2020, and first retained her hearing counsel with her request for reconsideration on October 14, 2021. (Tr. 293.) On January 13, 2022, the ALJ notified Claimant and her counsel that she would hear Claimant's case on April 21, 2022, and cautioned that "[i]f [she is] aware of or [has] more evidence, such as records, reports, or evaluations, [she] must inform [the ALJ] about it or give it to [the ALJ] no later than 5 business days before the date of [her] hearing." (Tr. 299–300.) Even following the hearing with the ALJ, Claimant's counsel sought permission to obtain further medical evidence, submitting an additional 66 pages of medical records to the ALJ. (Tr. 847–912.) Yet, Claimant did not submit any post-hearing vocational evidence. These facts do not demonstrate "unusual, unexpected, or unavoidable circumstance[s] beyond [claimant or her hearing counsel's] control." See 20 C.F.R. § 404.970(b)(3).

Accordingly, Claimant has not demonstrated good cause under Section 404.970(b) for her failure to inform the ALJ about or to submit to the ALJ the VE report at least five business days prior to the ALJ's hearing. As such, the Appeals Council did not err in rejecting the VE report.

**B. Reasonable Probability**

Even assuming, *arguendo*, that the Appeals Council's "reasonable probability" rationale precludes this Court from finding Claimant lacked good cause for the untimely submission of the VE report, Claimant still cannot prevail. The Appeals Council did not err in rejecting the VE report because it "d[id] not show a reasonable probability that it would change the outcome of the [ALJ's] decision." (Tr. 2.)

In a report dated July 28, 2022, Karen R. Starr provided a vocational opinion stating she "d[id] not agree that [security guard, DOT 372.667-034 and small products assembler, DOT 706.684.022] meet the requirements of the [ALJ's] hypothetical." (Tr. 11.) As for the position of security guard, Starr claimed it was "accurate to say that in general, a person performing the job of security guard would likely be able to change positions, limit overhead reaching, etc."; however, "an individual who declared in an interview that he or she must alternate between sitting and standing at regular intervals, and who could never lift more than 20 pounds, simply cannot plausibly be offered the job of security guard." (Id.) As for the position of small products assembler, Starr claimed "85% of these jobs are performed at the medium level of exertion" and "these are jobs in which job tasks, the products being assembled, the locations in which they are assembled, change on practically a day-to-day basis." (Tr. 12.)

Claimant contends "VE Starr's vocational report directly contradicts" the VE testimony from the ALJ hearing "in a way that is patently outcome-determinative." (Doc. No. 6, p. 7–8.) However, the Social Security scheme focuses on a claimant's functional capacity as opposed to their ability to obtain employment. "By referring to the claimant's ability to perform a 'kind' of work, § 416.920(e) concentrates on the claimant's capacity to perform a type of activity rather than [her] ability to return to a specific job or to find one exactly like it." Pass v. Chater, 65 F.3d 1200,

8

1204 (4th Cir. 1995). Importantly, "[p]ast relevant work in the regulatory scheme is a gauge by which to measure the physical and mental capabilities of an individual and the activities that he or she is able to perform, rather than a means by which to assure that the claimant can actually find employment." Id.

Although the Starr VE report begins by expressing disagreement with the VE at the ALJ's hearing, that fact alone does not compel the conclusion that the report raises a reasonable probability of a different outcome in Claimant's case. The reason for disagreement provided by Starr consists of evidence inconsequential to the ALJ's decision. Namely, the fact that Claimant would not be offered the job of security guard if she explained her limitations during an interview for the position. Whether Claimant would be hired for the position of security guard has no bearing on the fact that substantial evidence supports Claimant's limitations as determined by the ALJ and Claimant's limitations do not preclude her from working as a security guard. Similarly, Starr's assertion that 85 percent of small products assembler jobs are performed at the medium level of exertion does not negate the percentage of small products assembler jobs performed at Claimant's light exertion level.

Accordingly, Claimant has not shown the Appeals Council erred in declining to consider the Starr VE report because it "d[id] not show a reasonable probability that it would change the outcome of the [ALJ's] decision.

**IT IS THEREFORE ORDERED** that Claimant's Motion for Summary Judgment, (Doc. No. 8), is DENIED; the Commissioner's Motion for Summary Judgment, (Doc. No. 10) is GRANTED; and the Commissioner's determination is AFFIRED.

**IT IS SO ORDERED.**

Signed: March 11, 2024

Frank D. Whitney
United States District Judge